IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

February 14, 2018 Session

## STATE OF TENNESSEE v. RICO EUGENE MALLARD

**Appeal from the Criminal Court for Davidson County**
**Nos. 97-C-1694, 97-019218      Steve R. Dozier, Judge**

_____

### No. M2017-01424-CCA-R3-ECN

_____

Petitioner, Rico Eugene Mallard, appeals the summary dismissal of his petition for writ of error coram nobis in which he challenged his convictions for first degree felony murder, especially aggravated robbery, and first degree premeditated murder and his effective sentence of life imprisonment plus twenty-two years. We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

J. Russell Nixon, Murfreesboro, Tennessee, for the appellant, Rico Eugene Mallard.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

As stated above, Defendant was convicted of first degree felony murder, especially aggravated robbery, and first degree premeditated murder. These convictions resulted from the murder of the victim, Larry Richard Huber, on January 16, 1997, while Defendant and his Co-defendant, Terrance McLaurine, were robbing the victim of an "Oldsmobile Cutlass automobile." It does not appear that Petitioner appealed his convictions or sentences or that he sought post-conviction relief.

On April 27, 2017, Petitioner filed a *pro se* petition for writ of error coram nobis claiming newly discovered evidence of his innocence. He raised numerous issues in the

petition, which was summarily dismissed by the trial court on June 19, 2017. The trial court made the following conclusions in its order of dismissal:

> Here, the Petitioner is clearly outside the statute of limitations of one (1) year from the date of judgment but the statute of limitations could be tolled for due process considerations. The petition contains several bold allegations against the murder investigation which ultimately resulted in the conviction of the Petitioner. First, the Petitioner provides no evidence of support concerning the allegations towards the Metropolitan Nashville Police Department. Furthermore, the Petitioner correctly states the medical examiner, who testified in the trial, was arrested for possession of marijuana in March 2010 in Mississippi and received an official misconduct charge in 2010 in Davidson County. However, the Petitioner had seven (7) years to file any motions based upon this public information and did not. Therefore, although, possibly new to the Petitioner in 2017, this information was available for seven (7) years before he chose to file a petition. The allegations expressed in the petition provide the Court no due process concerns to toll the statute of limitations. Therefore, the Court, hereby, denies the petition as to each allegation presented.

On appeal, Petitioner argues only that the trial court should have granted him a new trial based on "newly discovered evidence that Terrance McLaurine would have testified that [Petitioner] is not guilty of murder." An affidavit by Co-defendant McLaurine, attached to Defendant's petition for writ of error coram nobis, contains the following statements:

1. That I am Terrance M. McLaurine, also known as Terrance Ivory.
2. That I am a resident of Tennessee and over eighteen (18) years of age.
3. That on or about May 16, 1997 I was indicted for First Degree Murder and Especially Aggravated Robbery in Davidson County, Tennessee.
4. That my codefendant listed in the indictment is [Petitioner], who was seventeen years of age at the time of the indictment.
5. Both [Petitioner] and I were initially charged in juvenile court and the cases were transferred to Davidson County Criminal Court.
6. I entered a plea of guilty on January 4, 1999 to the reduced charge of Second Degree Murder, and received a sentence of fifteen (15) years, to be served at no less than 85% of the total sentence.
7. I gave statements to law enforcement at the time of my arrest that are consistent with the statements contained in this affidavit.

8. [Petitioner] and I met with Mr. Huber through a friend who lived in the same apartment complex, with the intention to sell Mr. Huber drugs.

9. Mr. Huber was driving away without paying for the drugs when [Petitioner] shot towards the car.

10. [Petitioner] and I pulled Mr. Huber out of the car. I then shot Mr. Huber approximately five times.

11. [Petitioner] did not direct me in any way to participate or shoot Mr. Huber.

A writ of error coram nobis is a very limited remedy which allows a petitioner the opportunity to present newly discovered evidence "which may have resulted in a different verdict if heard by the jury at trial." *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *see also State v. Mixon*, 983 S.W.2d 661 (Tenn. 1999). The remedy is limited "to matters that were not and could not be litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas proceeding." T.C.A. § 40-26-105. Examples of newly discovered evidence include a victim's recanted testimony or physical evidence which casts doubts on the guilt of the Petitioner. *Workman*, 41 S.W.3d at 101; *State v. Ratliff*, 71 S.W.3d 291 (Tenn. Crim. App. 2001); *State v. Hart*, 911 S.W.2d 371 (Tenn. Crim. App. 1995). The supreme court has stated the following concerning the standard to be applied when a trial court reviews a petition for writ of error coram nobis:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

*State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). Whether to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Id.* at 527-28.

A petition for writ of error coram nobis must be dismissed as untimely filed unless filed within one (1) year of the date on which the petitioner's judgment of conviction became final in the trial court. *Mixon*, 983 S.W.2d at 670. The only exception to this is when due process requires a tolling of the statute of limitations. *Workman*, 41 S.W.3d at 103.

Petitioner's judgments for first degree felony murder and first degree premeditated murder were entered on June 29, 1999, and the judgment for especially aggravated robbery was entered on October 1, 1999. The petition for writ of error coram nobis was not filed until April 27, 2017, more than 17 years after the one-year statute of limitations expired.

The record in this case does not implicate any due process concerns that may toll the one-year statute of limitations for a writ of error coram nobis. The statements in the affidavit by Co-defendant McLaurine would not have resulted in a different verdict if heard by the jury at trial because the statements still showed that Petitioner was an active participant, along with Co-defendant McLaurine, in the especially aggravated robbery and shooting of the victim. As pointed out by the State in its brief, the affidavit shows that Petitioner acted "'with intent to promote or assist the commission of the offense or to benefit in the proceeds or results of the offense,'" and was therefore criminally responsible for the murder, even though Mr. McLaurine may have fired the fatal shots that killed Mr. Huber. *See* Tenn. Code Ann. § 39-11-402." Furthermore, as argued by the State, Petitioner's conviction for first degree felony murder would be unaffected by Co-defendant McLaurine's statement because Petitioner was convicted of the especially aggravated robbery of the victim, which resulted in the victim's death. The "presence, companionship, and conduct before and after the offense" would support Petitioner's first degree felony murder conviction. *State v. McBee*, 644 S.W.2d 425, 428-29 (Tenn. Crim. App. 1982). Furthermore, "[w]hen one enters into a scheme with another to commit one of the felonies enumerated [in the felony murder statute] and death ensues, both defendants are responsible for the death, regardless of who actually committed the murder and whether the killing was specifically contemplated by the other." *State v. Brown*, 756 S.W.2d 700, 704 (Tenn. Crim. App. 1988).

## CONCLUSION

The error coram nobis court appropriately summarily dismissed the petition. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE